Clement and Josephine A. Schmitz v. Commissioner.
Schmitz v. Commissioner
Docket No. 27207.
United States Tax Court
1951 Tax Ct. Memo LEXIS 200; 10 T.C.M. (CCH) 546; T.C.M. (RIA) 51169; June 12, 1951
*200 Clement Schmitz, for the petitioners. E. C. Adams, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1947 in the amount of $248. The only question presented is whether the Commissioner erred by increasing the taxable income of petitioner, Clement Schmitz, in the amount of $1,420.67 to reflect an estimated amount of tips determined by the Commissioner to have been received by him during the taxable year. [The Facts] Petitioners are husband and wife residing in Minneapolis, Minnesota, and they filed a joint return for the calendar year 1947 with the collector of internal revenue for the district of Minnesota at St. Paul, Minnesota. The deficiency involved pertains to the income of petitioner, Clement Schmitz, hence hereinafter the term "petitioner" will refer to him. Petitioner's occupation is that of a waiter in a restaurant, and during 1947 and subsequent thereto he was one of some 25 or 30 waiters so employed in Harry's Cafe in Minneapolis, Minnesota. He kept no records of tips received by him during that year, and in his income *201 tax return did not report tips in any amount received by him, having been advised that tips were not taxable. During 1947 he worked five days a week, usually on what is called the night shift, and the number of patrons served by him in one day varied greatly, ranging on an average from 6 to 15. During the first nine months of 1950 [1] petitioner kept a record of all tips received by him, and the aggregate amount of tips so received by him during that period was $469. The price of food in Harry's Cafe in 1950 was slightly higher than in 1947. Using the receipts of 1950 as a basis for comparison, petitioner estimated that the total tips received by him in 1947 was approximately $600. Respondent determined and advised in the notice of deficiency that the sum of $1,420.67 was received as tips by petitioner in 1947, such sum being an estimate by the respondent based upon a formula, the method so used therein, as explained by respondent's counsel at the hearing, being as follows: "By taking the total sales for food at this restaurant. He takes the total restaurant's salaries for waiters and he takes the salary *202 of this particular waiter and gets a percentage figure and applies that percentage figure against the gross sales of the restaurant to estimate the amount of sales this taxpayer had, and then he uses something less than 10 per cent of sales as the measure of tips received, based on experience." [Tr. 3] [Opinion] The total amount of tips received by petitioner in the year 1947 was the sum of $700, on which he is taxable, and the Commissioner erred in his determination that same was in excess of that amount. Decision will be entered under Rule 50. Footnotes
1. This proceeding was heard by the Tax Court on October 24, 1950.↩